## In re 4145 BROADWAY HOTEL CO.
### THOMAS v. ROSENTHAL
### et al.
#### Nos. 6696, 6733.

Circuit Court of Appeals, Seventh Circuit.
Oct. 25, 1938.

Rehearing Denied Dec. 14, 1938.

Raymond A. Kinzie and Marcus A. Colberg, both of Chicago, Ill., for appellant.

Bernard Nath, Arthur M. Cox, and Isaac E. Ferguson, all of Chicago, Ill., for appellees.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from an order of the District Court enjoining the appellant, until further order of the court, from "mailing or sending any further communications to the holders of participating certificates of 4145 Broadway Hotel Company, and from soliciting or accepting any powers of attorney from such holders of participating cer-

**8**

tificates and from using or attempting to use any powers of attorney heretofore obtained by said F. Gerald Thomas from holders of such participating certificates."

■ The record discloses that the foregoing order was a consent decree. Ordinarily a party to a consent decree cannot question its validity on appeal, if the court had jurisdiction to enter the decree,[1] unless there are facts which nullify the consent. The following statement of facts discloses the situation under which the order was entered.

Reorganization proceedings for 4145 Broadway Hotel Company had been commenced in the District Court in August, 1934. A plan of reorganization was confirmed by the court on March 7, 1935. The plan provided that the capital stock of the reorganized corporation should be held in trust by three trustees to be nominated by the first mortgage bondholders' committee and to be confirmed by the court. The nominees were confirmed as trustees by court order of March 7, 1935. The form of the stock trust agreement was confirmed by the court on May 10, 1935. On July 26, 1935, the final report and account of the receiver was approved and the receiver discharged. By the same order the court allowed certain fees, and continued to September 16, 1935, the hearing on other applications for allowance of fees.

No final order has been entered in the reorganization proceedings and the transcript of record filed in this cause shows no further proceedings in the reorganization case until January 24, 1938, when F. Gerald Thomas, appellant in this cause, presented to the court a motion for leave to file a petition, which prayed that the court suspend its approval of the receiver's final report, that the court remove the present trustees or appoint new trustees under bond, and that the court require the application of certain funds to payment of past due taxes.

On April 1, 1938, an amended petition was substituted for the original petition, and leave to file the amended petition was denied on April 4, 1938. On April 15, 1938, appellant presented a second amended petition.

While appellant's motion for permission to file his second amended petition was pending appellant sent to all certificate holders a copy of a letter dated April 27, 1938, accompanied by a form of power of attorney. On May 5, 1938, the appellees in this cause filed a petition with the court praying for an order restraining appellant from sending any further communications to holders of participating certificates and from soliciting and accepting any powers of attorney from holders of certificates; and also prayed for a rule on appellant to show cause why he should not be held in contempt of court for sending such communications and soliciting proxies. The court entered a temporary restraining order as prayed for in the petition and ordered appellent to show cause why he should not be held in contempt of court for sending the communications referred to in the petition; and ordered a hearing to be held May 23, 1938.

During the hearing on May 23, the court denied permission to file the second amended petition. No appeal was prosecuted from this order; but it is clear from the discussion during the hearing that court and counsel assumed that the appellant in this cause proposed to appeal from the order denying permission to file the second amended petition. Also, it is clear from the remarks of the District Judge at the same hearing that his purpose in continuing the injunction in force was to restrain the defendant in that proceeding, appellant here, from sending out communications, or acting under powers of attorney already obtained, until the disposal of the contemplated appeal from his order denying permission to file the second amended petition.[2]

The District Judge's remarks at the hearing indicated that he was of the opinion that the communications had been sent out for the purpose of affecting the pending litigation and constituted an improper interference with the proceedings then pending; and he expressed his belief that the conduct in sending out communications was contemptuous. As a result of the discussion

---

[1] Pacific Railroad Co. v. Ketchum, 101 U.S. 289, 25 L.Ed. 932; Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587; Central Life Securities Co. v. Smith, 7 Cir., 236 F. 170, 173, 174.

[2] "The Court: I know, but we have litigation pending here, and there will be no further sending out of these, nor the use of the powers of attorney until we have heard from the Circuit Court of Appeals, until we have heard the Circuit Court of Appeals say whether I am right or wrong in denying leave to file the petition." (Excerpt from Report of Proceedings, May 23, 1938.)

at this hearing respecting the injunction order it was agreed that a consent decree of injunction should be issued; and the judge indicated that the question of contempt would be dropped.

The gist of appellant's contention is that the District Court was without injunctive power to issue the order in question. The facts relied upon in support of the foregoing contention are chiefly that the plan of reorganization, including the trust agreement, had been approved by the District Court as a bankruptcy court more than three years before the issuance of the injunctive order, and that the property had been turned over to the corporation. It is true that the plan had been approved, but it was also true that no final order had been entered terminating and finally closing the reorganization cause. Furthermore, the order confirming the plan, including the trust agreement, expressly reserved jurisdiction over the trustees [3] for the purpose of supervising the acts and doings of such trustees and for the purpose of protecting and safeguarding the rights of certificate holders. It is not necessary to consider what effect, if any, upon the foregoing reservation the entry of a final order terminating and closing the reorganization proceeding would have had, since no such final order has been entered. We do not doubt that the foregoing reservation is still in full force and effect and that under such reservation the court had jurisdiction to entertain appellant's motion for permission to file the amended petition, which charged the trustees with serious irregularities in the performance of their duties under the trust agreement, and prayed for their removal. The appellant invoked the jurisdiction of the court by his motion for leave to file the petition and brought the trustees into court in that proceeding. During the pendency of appellant's motion to file his second amended petition the appellant sent out the communications which, in the opinion of the District Court, were improper in view of the pendency of appellant's motion. The order of injunction restrained the appellant as a litigant before the court and was issued in connection with the proceeding which had been instituted by the appellant.

We are of the opinion that the court clearly had jurisdiction to issue such an order if the facts justified it. The court having the jurisdiction to issue the order, and the appellant having consented to its issuance, we are precluded from going into the merits.

We do not think that the order should be set aside on the ground that appellant's consent was given to avoid being adjudged to be in contempt. It is clear from the remarks of court and counsel in connection with the issuance of the restraining order that all parties concerned understood that an appeal was to be taken from the action of the court in overruling the motion for leave to file the second amended petition. During the discussion counsel for appellant stated that appellant had a right to appeal from the order of injunction. The court suggested that if that question was going to be taken to the Circuit Court of Appeals that perhaps they should "have the whole thing fought out"; and that a penalty for contempt should be imposed and that that question should be presented to the Circuit Court of Appeals. It was evidently the thought of the District Court that the validity of the restraining order and the question of appellant's contempt involved the same considerations. Counsel for appellant then expressed unqualified approval of a consent decree and in accordance therewith the injunctive order now complained of was drawn up by counsel and entered by the court. Later appellant appealed from the injunctive order but did not appeal from the decree of the court overruling the appellant's motion for leave to file his second amended petition. It is as plausible to argue that the District Court was induced to refrain from entering an order imposing a contempt penalty by appellant's representation that there would be no appeal from the order of injunction, as it is to insist that appellant was coerced into consenting to the injunctive order by the court's threat to impose a penalty for contempt.

In support of his contention that the trial court was without power to enter the injunctive order, appellant relies upon our recent decision in the Matter of Argyle-Lake Shore Corporation.[4] We are of the opinion that the facts in that case are so

---

[3] The order reserved "jurisdiction over the trust to be created pursuant to the plan of reorganization and over the Trustees from time to time acting as Trustees under said trust agreement for the purpose of supervising the acts and do-ings of such Trustees and for the purpose in all respects of protecting and safeguarding the rights of the holders of the trust certificates from time to time outstanding, * * *"

[4] 7 Cir., 98 F.2d 372.

different from the facts in this case that it cannot be treated as controlling. In the Argyle Case there had been a final order terminating and closing the reorganization proceeding with reservation of jurisdiction over specific matters. The trust agreement in the Argyle Case provided a definite procedure for the termination of the trust, as in the instant case. The defendant-appellant mailed communications to certificate holders and asked for proxies in strict conformity to the provisions of the trust agreement. The voting trustees filed a verified petition in the original bankruptcy case praying that the District Court enjoin the defendants from soliciting or voting proxies. The proceeding thus instituted was an independent proceeding solely for the purpose of restraining the defendants from doing an act which was authorized by the trust agreement, and which act was being done in precisely the manner authorized by the agreement. It was the opinion of this court that in view of the final order terminating and closing the reorganization proceeding that only such jurisdiction remained to the court as was expressly reserved in certain paragraphs of the final decree. It was further our opinion that the reservation of jurisdiction did not include the controversy presented by the petition, and that the District Court was "without jurisdiction to interfere with the efforts of one or more certificate holder to induce a majority, in amount, of the participating certificate holders to vote for the termination of the trust agreement involved."

If in the instant case the communications had been sent out for the purpose of securing proxies, or powers of attorney, to remove trustees in accordance with the provisions of the trust agreement, and if an independent action had been brought by the trustees to restrain the appellant from sending out such communications, we should have a situation somewhat similar to the one existing in the Argyle Case. However, there would be present in the instant case the additional factors that the reorganization cause is still pending and that the reservation of jurisdiction in the order approving the trust agreement is more comprehensive than the reservation of jurisdiction in the final order in the Argyle Case. Also, as already pointed out, in the instant case the court had jurisdiction over the cause presented by appellant's motion for leave to file his amended petition and clearly had jurisdiction to protect the integrity of that proceeding by restraining any conduct of the appellant which improperly affected the proceeding.

We conclude that we cannot disturb the injunctive order complained of, but in so holding we are not passing upon the right of the appellant, or any other certificate holder, to take any proper action in the future which is authorized by the terms of the trust agreement.

The District Court did not err in entering the consent decree of injunction, and the decree is affirmed.